UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK JEFFERSON LEFFINGWELL,<br><br>Defendant. | Case No. 21-cr-5 (ABJ) |

**GOVERNMENT'S SECOND SUPPLEMENTAL SENTENCING NOTICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing notice pursuant to the Court's February 3, 2022 Minute Order directing both parties to file a supplemental submission "addressing the applicability of the 'Official Victim' adjustment under §3A1.2 of the Guidelines when, according to both the Plea Agreement and the Probation Office, the applicable offense guideline is § 2A2.4 (Obstructing or Impeding Officers). *See* Application Note 2 to § 3A1.2." The United States responds as follows:

I.   **THE APPLICABILITY OF THE "OFFICIAL VICTIM" ADJUSTMENT**

If United States Sentencing Guideline ("USSG") § 2A2.4 is the correct base offense guideline in this case, then the "Official Victim" adjustment under USSG § 3A1.2 does not apply. Application Note 2 to § 3A1.2 specifically excludes the adjustment under § 3A1.2 when the offense guideline, like § 2A2.4, incorporates the "official victim" status as a factor. And Application Note 2 to § 2A2.4 clarifies that the Official Victim adjustment in § 3A1.2 does not apply unless, under the cross-reference in § 2A2.4(c), "the offense level is determined under § 2A2.2 (Aggravated Assault)."

1

As the parties agreed in the plea agreement, *see* ECF 20 at 2, the cross-reference in §2A2.4(c) does apply here.  The government objected to the draft Presentence Investigation Report ("PSR")'s conclusion that §2A2.4 supplies the appropriate base offense level, *see* Exhibit A, Letter from AUSA Christopher Berridge to Probation Officer Carmen Newton (filed Jan. 21, 2022), and further explained why that conclusion was erroneous in its sentencing memorandum, *see* ECF No. 31 at 10-13 (filed Jan. 27, 2022).  The final PSR acknowledges the government's objection but maintains that § 2A2.4 is the proper base offense level. ECF. 35 at 7, 17-18 (filed Feb. 3, 2022).

The probation office's conclusion remains erroneous.  The probation office reasons that, under *United States v. Jennings*, 991 F.2d 725 (11th Cir. 1993), the sentencing court may consider only conduct that is "related to conviction."  ECF 35 at 17.  But in *United States v. Valdez-Torres*, 108 F.3d 385 (D.C. Cir. 1997), the D.C. Circuit held that the term "conduct" in the cross-reference in §2A2.4(c) refers to all relevant conduct, not simply the conduct underlying the crime for which the defendant was convicted.  *Id.* at 387-88; *see also id.* at 387 (disagreeing with *Jennings* in part because it was interpreting a since-amended version of the cross-reference in § 2A2.4(c)). Considering all of Leffingwell's relevant conduct—which included chanting "stop the steal!", "shame!", and "join us!" and then proceeding to punch two officers in order to prevent them from clearing him from the building in the midst of widespread civil disorder that engulfed the U.S. Capitol on the afternoon of January 6—this Court should conclude that the applicable base offense level is §2A2.2 because the defendant committed an "aggravated assault" as defined in Application Note 1 to §2A2.2.  *See* § 1B1.3(a)(1)(A) (relevant conduct includes "all acts and omissions committed . . . or willfully caused by the defendant . . . that occurred during the commission of the

2

offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). Here, Leffingwell acted with the intent to assault (and did assault) and with the intent to obstruct (and did obstruct) officers engaged in their official duties during a civil disorder when he struck the two officers.

For the reasons set forth above and in both our letter objection and sentencing memorandum, USSG § 2A2.2 is the proper base offense level guideline in this case. Therefore, the "Official Victim" adjustment under § 3A1.2 is also applicable.

## II.  CONCLUSION

With this additional information, the government continues to recommend that the Court impose a sentence of imprisonment of 27 months, three years of supervised release, $2,000 in restitution, and a mandatory $100 special assessment.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   */s/ Jennifer M. Rozzoni*
Jennifer M. Rozzoni
NM Bar No. 14703
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
(505) 350-6818
jennifer.m.rozzoni@usdoj.gov