

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

January 21, 2022

**VIA EMAIL**

Carmen Newton
United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001
Phone (202) 565-1467

>   Re:   United States v. Mark Jefferson Leffingwell
>         Case No. 21-cr-005 (ABJ)
>         Presentence Investigation Report

Dear Officer Newton:

   I hope this letter finds you well. I am writing to respond to the draft Presentence Investigation Report ("PSR") in the above-captioned matter.  We have received and reviewed the report, and we make the following objections:

**Paragraphs 25-35: Offense Level Computation**

   The assault charged in Count Two qualifies as an "Aggravated Assault" under U.S. Sentencing Guidelines ("U.S.S.G.") §2A2.4(c). As a result, the appropriate guideline for Count Two is §2A2.2, rather than §2A2.4.

   Section 2A2.4(c) instructs that §2A2.2 be applied "[i]f the conduct constituted aggravated assault." In that phrase, "conduct" refers to all relevant conduct, not simply the conduct underlying the crime for which the defendant was convicted. *See United States v. Valdez-Torres*, 108 F.3d 385, 387–88 (D.C. Cir. 1997). The Guidelines define aggravated assault as a "felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1.

1

A three-step analysis demonstrates that the cross-reference in § 2A2.4(c) applies here. First, the defendant's conduct that violated 18 U.S.C. § 111 as charged in Count Two was an assault. The Guidelines do not define "assault" or "felonious assault," and sentencing courts have looked to the common law to define "assault" for Guidelines purposes. *See United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010). Assault encompasses conduct intended to injure another or presenting a realistic threat of violence to another. *See United States v. Dat Quoc Do*, 994 F.3d 1096, 1099 (9th Cir. 2021) (federal common-law assault includes (1) "a willful attempt to inflict injury upon the person of another," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (citations omitted). Here, the defendant struck two U.S. Capitol Officers. That conduct reflected a "willful attempt to inflict injury upon" the officers.

Second, the assault charged in Count Two is a "felonious assault" under 18 U.S.C. § 111 for two reasons. It involved physical contact. *See* 18 U.S.C. § 111(a) (mandating imprisonment of up to eight years where assault involves physical contact with the victim of that assault). It also involved "an intent to commit another felony" because the assault occurred during the commission of another felony offense, namely, 18 U.S.C. § 231(a)(3) (Obstructing, Impeding, or Interfering with a Law Enforcement Officer During a Civil Disorder), which was charged in Count 1 of the Indictment. *See* 18 U.S.C. § 111(a) (mandating imprisonment of up to eight years where the assault involves the intent to commit another felony).

Finally, the "felonious assault" here qualified as an "aggravated assault" as defined in U.S.S.G. § 2A2.2 cmt. n.1. As noted above, an aggravated assault in the Guidelines is a "felonious assault" that involved . . . an intent to commit another felony." *Id.* Here, the felonious assault in 18 U.S.C. § 111(a) involved the intent to commit the civil disorder felony violation (18 U.S.C. § 231(a)(3)) described in the preceding paragraph and charged as Count 1.

Accordingly, we submit that the appropriate offense level computation for Count 2 is:

Count 2: 18 U.S.C. § 111(a)(1)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2 | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2 | Official Victim | +6 |
| U.S.S.G. §3E1.1(a) & (b) | Acceptance of Responsibility | -3 |
| | **Total** | **17** |

## Paragraph 73: Guideline Provision

Because the total offense level should be 17, the defendant's guideline imprisonment range should be 24-30 months, within Zone D.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

BY: _____

Christopher Berridge
Assistant United States Attorney

3